IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTOINE EPPS, #365718, SID #3035947, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. SAG-20-522 |
| J. MICHAEL ZIEGLER, WARDEN WALTER WEST, and OFFICER WHITTINGTON, | * * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Antoine Epps, an inmate presently incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland, filed this action claiming that Officer Whittington, a correctional officer at ECI, failed to protect him during a stabbing incident at approximately 11:00-11:45 a.m. on January 25, 2020. ECF No. 1. On July 16, 2020, the Attorney General of Maryland filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on behalf of Defendants J. Michael Ziegler, Warden Walter West, and Correctional Officer Brian Whittington. ECF No. 12. Shortly thereafter, Plaintiff filed a response in opposition along with several correspondence stating that Brian Whittington, a male officer, is not the individual whom he claims failed to protect him. ECF Nos. 13, 14, 15, 16. Rather, Plaintiff states that the intended defendant correctional officer is a young woman aged approximately 22-25 years old, about 5'4" tall and heavy set, who served as the tier officer at the time of the alleged incident. *Id.* By Order dated August 14, 2020, the Court directed Defendants to identify the officer described by Plaintiff or to provide the duty roster for the date in question. ECF No. 18.

On September 2, 2020, Defendants responded to the Court's Order and provided the names of two female correctional officers who were assigned to the Housing Unit at the time of the

incident. ECF No. 20. Defendants also allowed Plaintiff to view the corresponding institutional surveillance video. *See* ECF No. 17. On September 14, 2020, Plaintiff filed a Motion to Appoint Counsel. ECF No. 24. The following day, he filed a request to amend his Complaint to include nine additional defendants. ECF No. 25.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendants' Motion shall be granted, and the Complaint will be dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies. Because amendment of the Complaint to include additional defendants would be futile, Plaintiff's request to amend the Complaint and his Motion to Appoint Counsel shall be denied.

**Background**

Plaintiff claims that sometime between 11 and 11:45 a.m. on January 25, 2020, he was attacked while walking from his cell and into the recreation hall at ECI. Complaint, ECF No. 1 at 2-3. Plaintiff was stabbed multiple times in the face, above his left eye. *Id.* at 3. While grabbing onto the assailant, Plaintiff noticed officers watching from the other side of the fence, but they did not call for help. *Id.* Plaintiff was unsuccessful in attempting to disarm the assailant, and he suffered additional stab wounds. *Id.* Several minutes passed before correctional officers came to the recreation hall and sprayed mace. *Id.* The assailant, however, kept stabbing Plaintiff. *Id.* Officers eventually restrained the assailant and brought Plaintiff to the medical unit. *Id.* at 3-4. Plaintiff was subsequently taken to a hospital for treatment and later discovered that he suffered permanent injuries. *Id.* at 2, 4.

Plaintiff filed his Complaint in this Court less than one month later. *See id.* at 5 (indicating that Complaint was signed on February 22, 2020). Plaintiff states that he did not file a grievance as required by the prison's administrative remedy procedures ("ARP") because "Administrative

Remedy can't award me the relief that I'm seeking." *Id.* at 2.

A search of the Division of Correction's ("DOC") ARP records shows that Plaintiff filed an ARP regarding the incident on March 23, 2020. Decl. of Kristina Donnelly, ECF No. 12-3 at 1, 4. However, Plaintiff improperly submitted that ARP to the DOC Headquarters. *See id.* at 3-4. Therefore, by letter dated March 30, 2020, the Office of the Commissioner notified Plaintiff that his ARP would be redirected to the Warden of ECI, pursuant to Code of Maryland Regulations ("COMAR") 12.01.28.10. *Id.* at 3. The appropriate department at ECI received the ARP on April 2, 2020. Decl. of. Susan Shumaker, ECF No. 12-4 at 6. After reviewing the submission, the ARP Coordinator noted that additional information was needed and directed Plaintiff to resubmit the complaint on new forms. *Id.* Plaintiff did not resubmit the complaint, and the ARP was dismissed on April 17, 2020. *Id.* at 3.

There is no record of Plaintiff filing an ARP appeal with the DOC, nor is there a record of the Warden receiving correspondence from Plaintiff about the incident. ECF No. 12-3 at 1; ECF No. 12-4 at 1. In addition, a review of the Inmate Grievance Office ("IGO") did not reveal any grievances filed by Plaintiff concerning the incident as of April 15, 2020. Decl. of Pamela White, ECF No. 12-5.

**Standards of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the

elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## Discussion

### I. Failure to Exhaust

Defendants raise the affirmative defense that Plaintiff has failed to exhaust his administrative remedies as to all of his claims. Motion to Dismiss, ECF No. 12-1 at 7-10. If Plaintiff's claims have not been properly presented through the administrative remedy procedure,

they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e.

> The Prisoner Litigation Reform Act provides, in pertinent part:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. App'x. 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530.

Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. \_\_\_\_, 136 S.Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S.Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S.Ct. at 1855. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

Inmates housed at an institution operated by the Maryland Department of Public Safety and Correctional Services ("DPSCS") may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; COMAR 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction. If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see*

6

COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Here, it appears that Plaintiff was aware of the administrative grievance process and the process was available to him. However, he chose not to file a grievance because he believed "Administrative Remedy can't award me the relief that I'm seeking." ECF No. 1 at 2. Although Plaintiff attempted to submit an ARP after initiating this suit, that ARP was eventually dismissed due to Plaintiff's failure to follow the submission guidelines. *See generally* ECF No. 12-4. In any event, exhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds). In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *See Kitchen v. Ickes*, Civil Action No. DKC-14-2022, 2015 WL 4378159, at *8 (D. Md. July 14, 2015); *see also Blackburn v. S. Carolina*, No. C A 006-2011-PMD-BM, 2009 WL 632542, at *1 (D.S.C. Mar. 10, 2009), *aff'd*, 404 F. App'x 810 (4th Cir. 2010).

As discussed above, the PLRA requires that inmates exhaust all available remedies. Because Plaintiff failed to do so, his Complaint shall be dismissed without prejudice.[1]

## II.     Plaintiff's Motions

Plaintiff has filed correspondence requesting leave to amend his Complaint to add nine defendants. ECF No. 25. Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[1] In light of this ruling, the Court need not address Defendants' remaining arguments.

7

"A motion to amend should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). To determine whether a proposed Amended Complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim. *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

Here, Plaintiff has failed to exhaust all claims arising from the January 25, 2020 incident. Because his proposed amendment seeks only to add new defendants while maintaining the same unexhausted claims, amendment would be futile. Therefore, Plaintiff's request to amend the Complaint shall be denied.

Also pending is Plaintiff's Motion to Appoint Counsel. ECF No. 24. The Court may, pursuant to 28 U.S.C. § 1915(e)(1) (2012), appoint an attorney to represent any person "proceeding in forma pauperis who is "unable to afford counsel." There is no absolute right to appointment of counsel. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Rather, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

In support of his motion, Plaintiff reaffirms his belief that ECI correctional officers failed to protect him and that he was injured as a result. ECF No. 24. As his case is not proceeding,

however, appointment of counsel is not warranted.

## Conclusion

Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is granted. The Complaint will be dismissed without prejudice for failing to exhaust administrative remedies prior to instituting this lawsuit. Because the proposed amendment of the Complaint would be futile, Plaintiff's request to amend and his Motion to Appoint Counsel will be denied.

A separate Order follows.


Date: October 5, 2020                    _____/s/_____
                                         Stephanie A. Gallagher
                                         United States District Judge